NOT FOR PUBLICATION                                                         CLOSE

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ADP, LLC<br><br>                       Plaintiff,<br><br>        v.<br><br>JESSICA TROHAUGH<br><br>                       Defendant, | **OPINION AND ORDER**<br><br>Civ. No. 16-cv-08627 (WHW)(CLW) |

**Walls, Senior District Judge**

      This matter arises out of a dispute between Plaintiff ADP and its former employee Defendant Jessica Trohaugh. Before the filing of this action, Defendant Trohaugh filed a petition for declaratory relief in Texas state court, which was removed to the United States District Court for the Southern District of Texas. As a result of the Texas action, which involved the same claims as this action, Defendant moved to dismiss this action or stay the proceedings in this Court pending the resolution of the action in the Southern District of Texas. After briefing was completed for this motion, the Texas action was transferred to the District of New Jersey.

      The "first-filed" rule adopted by the Third Circuit gives courts the power to enjoin subsequent proceedings involving the same parties and same issues already before another district court. *E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988). In these instances, the case that was filed first in time retains jurisdiction. *Id.* However, because the first-

1

filed rule is derived from principles of equity and not of law, courts may choose to not apply the rule when there is evidence of inequitable conduct, bad faith or forum shopping. *Id.* at 972.

Here, Defendant Trohaugh filed her declaratory action in Texas state court, despite choice of law and forum selection clauses in the subject contracts that specified New Jersey Superior Court or the U.S. District Court for the District of New Jersey as the only appropriate venues for a dispute related to the contracts. In its opposition to Defendant's motion to dismiss, Plaintiff ADP argued that by filing in Texas state court, Defendant was engaging in forum shopping in order to obtain a more favorable judgement than she would have in New Jersey. Plaintiff also argued that Defendant acted in bad faith by asking for a two-week extension to respond to a cease and desist letter from the Plaintiff; instead using that time to prepare and file a declaratory judgment in Texas state court.

While these are compelling arguments, the Court no longer needs to reach the question of whether Defendant engaged in bad faith and forum shopping sufficient to justify a departure from the first-filed rule. As the Texas action has since been transferred to the District of New Jersey, Plaintiff's concerns that Defendant was taking advantage of a "race to the courthouse" situation in order to obtain a more favorable outcome from a Texas court are mooted.

The present circumstance, with two factually identical cases pending before two separate district court judges, is exactly the type of situation the first-filed rule was intended to avoid: "the rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." *E.E.O.C.*, 850 F.2d at 977. Absent any remaining concerns that would justify a departure from the rule, the Court applies the first-filed rule and determines that this action ought to be dismissed, in favor of the pending action filed by Defendant.

It is hereby ORDERED that Defendant's motion to dismiss is GRANTED.

DATE: 14 February 2017

William H. Walls
Senior United States District Court Judge